[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2005
THOMAS K. KAHN
CLERK

Nos. 04-13104, 04-13427, 04-14011
Non-Argument Calendar
_____

D.C. Docket No. 93-06186-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW HOLSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

On January 12, 1994, appellant pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base, and on April 4, 1994, the district

court sentenced him to a prison term of 200 months.[1]  On May 6, 2004, invoking

Fed. R. Crim. P. 35(b), appellant moved the district court for specific performance

of an oral agreement the Government allegedly made with him in 1999.

According to his motion, in 1999, he contacted government agents; he offered

them information about a gang trafficking drugs; and after the Government orally

promised that if he testified before a grand jury, it would move the district court

pursuant to Rule 35(b) to reduce his sentence, he appeared before a grand jury.

The Government, however,  refused to move the court to reduce his sentence.

The Government filed a response to appellant's Rule 35(b) motion.[2]  It

denied that it had promised appellant anything for appearing before the grand jury

and said that the law enforcement officers involved in the case did not believe that

appellant had been truthful before the grand jury.  In short, the Government's

position was that any assistance appellant had provided law enforcement was

worthless.

---

[1]  The plea agreement provided that the Government may move the court <u>before</u>  sentencing to depart downward from the Guidelines sentence range or the statutorily mandated minimum sentence pursuant to U. S. S. G. § 5K1.1 and 18 U.S.C. § 3553(e).  The plea agreement was silent, however, as to the Government's discretion to move the district court <u>after</u> sentencing to reduce appellant's sentence under Fed. R. Crim. P. 35(b).

[2]  The Government also moved the court to unseal the parties' plea agreement.  The court granted the motion.

On June 3, 2004, the court denied appellant's Rule 35(b) motion in a written order which stated that it was denying the motion after reviewing "the pertinent portions of the record and being duly advised in the premises." On June 9, appellant moved the court for an extension of time to respond to the Government's response to his May 6 motion. On June 11, appellant appealed the court's June 3 order. Appellant also moved the court to amend or reconsider that order. On June 21, the court denied as moot appellant's June 9 motion for an extension of time, and appellant appealed that order. On July 15, the court issued an order denying appellant's motion to amend or reconsider, and appellant appealed that order.

Rule 35(b) **Reducing a Sentence for Substantial Assistance**, states, in relevant part:

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
> > (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
> > (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may

reduce a sentence if the defendant's substantial assistance involved:

> (A)  information not known to the defendant until one year or more after sentencing;
>
> (B)  information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C)   information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Ten years elapsed between the imposition of appellant's sentence and the filing of appellant's Rule 35(b) motion.  Thus, the Rule's subsection (2) governs.

In addressing the government's refusal to file a pre-sentencing substantial-assistance motion pursuant to U. S. S. G. § 5K1.1 (which is akin to the post-sentencing provision of Rule 35(b)), the Supreme Court in <u>Wade v. United States</u>, 504 U.S.181, 183, 185-86, 112 S.Ct. 1840, 1842, 1844, 118 L.Ed.2d 524 (1992), held that:

because we see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions, we hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion. It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.

Wade, 504 U.S. at 185-186, 112 S.Ct. at 1843-1844. A defendant "would [also] be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate [g]overnment end." Wade, 504 U.S. at 186, 112 S.Ct. at 1844. Thus, although both § 5K1.1 and Rule 35(b) contain the limiting phrase "upon motion by the government," the Article III courts still retain the authority to review the refusal on limited grounds, e.g., an unconstitutional motive. Wade, 504 U.S. at 185-186, 112 S.Ct. at 1844.

As noted, the basis of appellant's motion to compel is a breach by the Government of an oral promise to file a Rule 35(b) motion. The question here boils down to whether the district court was required to hold an evidentiary hearing on appellant's motion. Though we are aware of no decision addressing the issue of when the court must hold an evidentiary hearing on a Rule 35(b)

5

motion, we have considered the issue in the § 5K1.1 context. <u>United States v. Gonsalves</u>, 121 F.3d 1416, 1420 (11th Cir. 1997). To obtain an evidentiary hearing, we said, the "defendant must first put forth evidence of bad faith before the government's duty to respond, and defendant's right to reply, are triggered." <u>Id.</u> In this case, appellant failed to produce such evidence. The district court therefore committed no error in denying appellant's motion for Rule 35(b) relief. Further, the court did not abuse its discretion in denying appellant's subsequent motions.

**AFFIRMED.**