[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10165
Non-Argument Calendar

_____

D. C. Docket No. 00-00197-CR-ORL-22-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DOMINICK CAPPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 27, 2005)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

John Dominick Capps, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion to compel the government to file a Rule 35(b) motion for reduction of sentence based on substantial assistance.

Capps pleaded guilty to six counts of an indictment for drug offenses. In the plea agreement, Capps waived his right to appeal his sentence either directly or collaterally.[1] The agreement also contained a provision under which the government, in its discretion, agreed to consider making a motion for a reduction of sentence based on substantial assistance.

After several years in prison, Capps filed the instant motion to compel the government to file a Rule 35(b) motion.[2] According to Capps, he and one of his codefendants assisted authorities in uncovering a drug-smuggling operation at the federal prison. Capps noted that his codefendant had received a Rule 35(b) reduction in his sentence as a result of the cooperation, but that government had refused to file a motion in Capps's case because he had filed a grievance against a prison guard. Capps asserted that this refusal unconstitutionally violated his First Amendment rights and that the government's failure to file a motion was a breach

---

[1] Capps did not file a direct appeal, but filed a collateral attack pursuant to 28 U.S.C. § 2255, which the district court denied, concluding that Capps had waived his right to bring a collateral attack.

[2] Attached to the motion were several exhibits, including the transcript from his codefendants's Rule 35 hearing. At that hearing, the assistant United States attorney indicated that she might file a Rule 35 motion on Capps's behalf, and a witness testified to Capps's cooperation. Also attached were copies of Capps's grievance and letters to the assistant United States attorney regarding Capps's assistance.

of the plea agreement. Capps also requested an evidentiary hearing.

The government responded that the court lacked jurisdiction to compel the government to file a Rule 35(b) motion. The government further denied any unconstitutional motive, explaining that Capps was not entitled to a reduction because he had been involved with drug activity while in prison and he filed a false statement of abuse, which he later recanted. The court denied the motion to compel without an evidentiary hearing.

On appeal, Capps argues that the court erred in denying his motion to compel because (1) the government acted with bad faith and an unconstitutional motive; (2) the government breached the plea agreement; and (3) he was entitled to an evidentiary hearing.

Our review of the government's refusal to file a Rule 35(b) motion for reduction of sentence based on substantial assistance is limited to whether the government acted with an unconstitutional motive. United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (citing Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)); see also United States v. Daniel, No. 04-13493, manuscript op. at 6 (11th Cir. May 24, 2005) (unpublished) (citing Nealy 232 F.3d at 831 and United States v. Forney, 9 F.3d 1492, 1500-02 (11th Cir. 1993)). Generally, courts will not invade a prosecutor's discretion regarding

3

substantial assistance motions.  See United States v. Orozco, 160 F.3d 1309, 1316

(11th Cir. 1998).  A district court's denial of an evidentiary hearing is reviewed for

abuse of discretion.  Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

Here, Capps provided information on a prison drug smuggling ring more

than one year after sentencing.[3]  The government admitted that the information

assisted authorities in their investigations, and it filed a motion for a reduction of

sentence for one of Capps's codefendants who also provided assistance.  The

government, however, declined to file any motion with regard to Capps based on

Capps's false statement and his alleged drug activity while incarcerated.

To the extent that Capps argues that the government breached the plea

agreement by refusing to file a motion for a reduction, that argument is without

merit, and the court lacked jurisdiction to review that claim.  Where plea agreement

requires government to "consider" filing a Rule 35 motion, the government does

not breach the agreement by failing to file such a motion.  United States v. Forney,

9 F.3d 1492, 1500-02 (11th Cir. 1993).  Additionally, the plea agreement contained

a waiver provision under which Capps agreed that he would not challenge the

---

[3]  Under Rule 35(b), "upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; . . . " Fed.R.Crim.P. 35(b)(2)(A).

4

government's refusal to file a Rule 35 motion.[4]  Accordingly, the district court properly denied the motion to compel on these grounds.

Capps cannot show that the government acted with an unconstitutional motive, as Capps had no First Amendment right to make a false statement.  See Gertz v. Robert Welch, Inc., 418 U.S. 323, 340, 94 S.Ct. 2997, 3007 (1974).  Moreover, the government explained that a motion was not appropriate given Capps's continued drug activity while in prison.  Because the government could rely on this independent ground to exercise its discretion, Capps cannot make a showing of unconstitutional motive.

Finally, the district court did not abuse its discretion by refusing to hold an evidentiary hearing.  In the absence of any showing of an unconstitutional motive, the court need not hold an evidentiary hearing.  See United States v. Holston, 2005 WL 956975 at *2 (11th Cir. 2005) (unpublished) (citing United States v. Gonsalves, 121 F.3d 1416, 1420 (11th Cir. 1997) (considering evidentiary hearings in the context of U.S.S.G. § 5K1.1 motions).  Accordingly, we AFFIRM the district court.

---

[4] To the extent that Capps argues there was a subsequent oral agreement based on substantial assistance, any oral agreement is still subject to the government's discretion to file a motion.  See Daniel, manuscript op. at 5 n.2.  Accordingly, absent any showing of unconstitutional motive, the district court properly denied the motion.