[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15059
Non-Argument Calendar

_____

D. C. Docket No. 05-00003-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIA RUBE HICKMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 13, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Kia Rube Hickman appeals her 150 month sentence for distributing five

grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

## I.

On January 6, 2005, Hickman was named along with two codefendants in a seven count indictment. In relation to the count alleging her participation in a cocaine conspiracy, the indictment included a special finding attributing 107.7 grams of a mixture or substance containing a detectable amount of cocaine base (crack) to Hickman. On June 3, 2005, Hickman pleaded guilty to a single count, Count 3, alleging that she sold 26.0 grams of crack to a confidential source on March 4, 2004. The remaining counts were dismissed.

The probation officer who prepared the presentence investigation report (PSI) found that in addition to the March 4, 2004 sale to which she pleaded guilty, Hickman was also involved, either directly or indirectly, in selling 27.7 grams of crack to the confidential source on March 3, 2004; 26.4 grams on March 11, 2004; 54.0 grams on March 19, 2004; and 25.7 grams on March 31, 2004. In arriving at a sentencing range, the probation officer considered all four of those crack transactions as relevant conduct and attributed a total of 159.8 grams of crack to Hickman. Based on that drug quantity, the probation officer assigned Hickman a base offense level of 34. See U.S.S.G. § 2D1.1(c)(3) (applying to drug offenses involving at least 150 grams but less than 500 grams of cocaine base) (Nov. 2004).

The probation officer recommended against giving Hickman a downward departure for acceptance of responsibility because she tested positive for marijuana use while on presentence release.

Based on her adult criminal convictions, the probation officer gave Hickman a criminal history score of three. The officer added two points to Hickman's score because, at the time of her last crack sale on March 31, 2004, she was on probation for another offense. With five total criminal history points, Hickman was assigned a criminal history category of III. See U.S.S.G. Ch. 5, Pt. A.

The resulting guideline imprisonment range was 188 to 235 months. Hickman made several objections to the PSI, all of which were overruled. The district court imposed a 150 month sentence, below the guideline range, in part because one of Hickman's codefendants received a sentence of only 60 months.

## II.

In reviewing a sentence imposed by a district court, we review the court's factual determinations for clear error and its legal conclusions de novo. United States v. Crawford, 407 F.3d 1174, 1177–78 (11th Cir. 2005). We also review the ultimate sentence for reasonableness. See id. at 1778.

## III.

Hickman first contends under United States v. Booker, 543 U.S. 220, 125 S.

3

Ct. 738 (2005), that the district court violated her Sixth Amendment right to trial by jury by holding her responsible for 159.8 grams of crack when she admitted to selling only 26.0 grams on March 4, 2004. This Court has repeatedly held that after Booker, a district court applying the sentencing guidelines as advisory may use extra-verdict enhancements found by a preponderance of the evidence, such as a drug quantity determination, to increase a defendant's base offense level. See United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005) (stating that the use of extra-verdict enhancements "remains a constitutional part of guidelines sentencing in the post-Booker era"); see also United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005) ("The court did find, by a preponderance of the evidence, facts that went beyond the letter of the charges contained in the indictment to which Chau pleaded guilty. It was okay for the court to do that because it applied the guidelines in an advisory way. Nothing in Booker is to the contrary."). Moreover, we have held that a defendant who fails to object to facts contained in a PSI is deemed to have admitted those facts and that use of admitted facts to enhance a sentence does not constitute a Sixth Amendment violation under Booker. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir.2005).

There is no dispute that the district court in this case applied the guidelines in an advisory fashion. The parties do dispute whether Hickman objected to the

4

factual statements contained in the PSI.

Hickman lodged the following written objection to the PSI:

> Defendant hereby objects to Paragraphs Nos. 4, 6, 7, 8, 9,
> and 10, as well as any portion of Paragraph No. 11,
> which refers to any conduct occurring on any date other
> than March 4, 2004, of the Presentence Investigation
> Report, as they discuss facts pertaining to counts of the
> indictment to which Defendant did not plead guilty and
> to which she was not found guilty by a jury, and to which
> she has not admitted any such conduct – counts, which
> were, in fact, dismissed by the Government.

(Addendum to the Presentence Report, ¶ 1.)  This statement made an objection to

the facts contained in the cited paragraphs, which refer to the other crack sales, on

the basis that Hickman did not plead guilty or admit to them.  It did not, however,

constitute an objection to the sufficiency of the evidence supporting those facts.

Hickman's objection was to the legality of the district court's consideration of

those facts as relevant conduct for sentencing purposes.  That is made clear by the

subsequent paragraph in her objection discussing Booker and its predecessor cases

as well as by her attorney's remarks at the sentencing hearing.[1]  Accordingly,

Hickman is deemed to have admitted the facts contained in the PSI, and the district

court did not violate Hickman's Sixth Amendment rights by using those facts to

---

[1] "Our position in reference to that, I think, is outlined in our objections that there are still issues on relevant conduct.  What the status is of the law in this area, I have no idea at this point. But I think I am compelled to make objections to any relevant conduct being considered in light of where the law stands at the present time."  (Transcript of Sentencing Hearing at 5.)

5

enhance her sentence. See Shelton, 400 F.3d at 1330 ("Because Shelton admitted to the facts that enhanced his sentence, there is no Sixth Amendment violation under Booker in this case.").

Nor did the district court violate Hickman's right to due process under the Fifth Amendment. The Supreme Court has held that due process, as well as the Sixth Amendment right to a jury trial, requires that "'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" Apprendi v. New Jersey, 530 U.S. 466, 476, 120 S. Ct. 2348, 2355 (2000) (quoting Jones v. Unites States, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 1224 n.6 (1999)) (emphasis added). The district court's drug quantity finding based upon Hickman's admission to the facts in the PSI did not violate her Fifth Amendment rights because the sentence imposed, 150 months, was far below the statutory maximum of 40 years available under 21 U.S.C. § 841(b)(1)(B).

## IV.

Hickman next contests the district court's denial to her of an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. This court has repeatedly upheld the denial of a downward departure under § 3E1.1 because of a defendant's continued drug use. E.g., United States v. Matthews, 168 F.3d 1234, 1250 (11th

6

Cir. 1999); United States v. Gonsalves, 121 F.3d 1416, 1420 (11th Cir. 1997); United States v. Hromada, 49 F.3d 685, 691 (11th Cir. 1995). Similarly, we find no error, clear or otherwise, in the district court's decision in this case.

Hickman contends that the district court believed that denial of the reduction was mandatory because of her drug use. She bases this argument on the district court's response to her attorney's argument for a downward departure in spite of her admitted drug use, where the court stated: "[T]hat is not even tempting to me. She does not get any acceptance of responsibility. This matter has been adjudged." (Transcript at 6.) Hickman is mistaken. The district court was merely expressing the finality of its decision to deny her the reduction.

Failure to inform Hickman that she risked losing the acceptance of responsibility reduction if she smoked marijuana while on presentence release did not deprive her of due process. See United States v. Simpson, 904 F.2d 607, 610 (11th Cir. 1990) (rejecting claim of due process violation where neither the district court nor the probation officer informed the defendant that he could receive a reduced sentence for acceptance of responsibility). Moreover, the conditions of her release stated: "The defendant shall . . . refrain from any use of unlawful possession of a narcotic drug and other controlled substances." (Order Setting Conditions of Release at 2.) That is notice enough.

Revocation of Hickman's appearance bond followed by the denial of the downward departure did not result in double punishment in violation of the Double Jeopardy Clause. Cf. United States v. Hawley, 93 F.3d 682, 688 (10th Cir. 1996) (concluding that a $50,000 judgment against the defendant for violating an appearance bond "was remedial and not punitive" and did not bar enhancing his sentence for impeding an investigation pursuant to U.S.S.G. § 3C1.1). Moreover, on September 15, 2005, the court ordered that the $5,000 which Hickman's surety paid into the court be returned with accrued interest. Finally, because Hickman was punished for her use of, and not her addiction to, marijuana, the district court's denial of the downward departure did not violate the Eighth Amendment. Cf. Robinson v. California, 370 U.S. 660, 667, 82 S. Ct. 1417, 1420–21 (1962) (holding that state law criminalizing addiction to narcotics constitutes cruel and unusual punishment).

## V.

Pursuant to U.S.S.G. § 4A1.1(d), the district court added two points to Hickman's criminal history score because one of the crack sales occurred one day after Hickman began 12 months probation for another offense on March 30, 2004. Hickman argues that she pleaded guilty only to an offense ending March 4, 2004; therefore, she did not commit the offense while on probation. Like the ones

preceding it, this argument is meritless. The commentary to § 4A1.1 provides that the two point addition to a defendant's criminal history score is appropriate if any relevant conduct, such as the crack sale made after Hickman began probation, was committed while on probation. U.S.S.G. § 4A1.1 cmt. n.4.

## VI.

Hickman also contends that her sentence was unreasonable because of the numerous errors in calculating her base offense level and criminal history category. Because we have found that there were no errors in those calculations, see Parts III–V, this argument is meritless.

Hickman's last argument is that her sentence is unreasonable because of the disparity between her 150 month sentence and the 60 month sentence received by one of her codefendants. In determining a sentence, a district court is to consider, among other factors, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The district court in this case did just that and found that, in comparison to Hickman's offense, her codefendant's "role was considerably diminished." (Transcript at 26.) Nonetheless, because of the lower sentence given to her codefendant, the district court sentenced Hickman to 150 months, 38 months below the low end of the advisory guidelines range and well below the statutory

maximum. The district court's discussion of its sentence also indicates that the court adequately considered the other relevant § 3553(a) factors in imposing Hickman's sentence, including the nature of the offense and Hickman's criminal history, the seriousness of the offense, and the applicable guidelines range.

**AFFIRMED.**