[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13295
Non-Argument Calendar
_____

D. C. Docket No. 99-00714-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 22, 2006)**

Before DUBINA, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Pedro Castillo, a federal prisoner proceeding pro se, appeals the denial of his

post-judgment motions to compel the government to file a motion under

Fed.R.Crim.P. 35(b), pursuant to 28 U.S.C. § 1361, and to alter or amend judgment for reconsideration of the district court's denial of his motion to compel, which he styled as a Fed.R.Civ.P. 59(e) motion to alter or amend judgment. On appeal, he argues that the district court erred in denying his motions because the government's refusal to file an additional motion for a sentence reduction was based on unconstitutional motives.

We must first resolve jurisdictional issues before we address the merits of underlying claims. See United States v. Kapelushnik, 306 F.3d 1090, 1093 (11th Cir. 2002). We review questions of subject matter jurisdiction de novo. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

Rule 35(b)(2) provides that, after a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on substantial assistance if the defendant's substantial assistance involved information (1) not known to the defendant; (2) not useful to the government; or (3) the usefulness of which was not reasonably anticipated by the defendant, until more than one year after sentencing. Fed. R. Crim. P. 35(b)(2). We have held that this time period for filing a Rule 35(b) motion is jurisdictional. See United States v. Orozco, 160 F.3d 1309, 1313 (11th Cir. 1998).

We have held that the government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1998) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)) (holding such in the context of U.S.S.G. § 5K1.1). If the defendant alleges and makes a threshold showing that the government's refusal to file a substantial assistance motion was a breach of a plea agreement, an evidentiary hearing and relief may be appropriate. United States v. Gonsalves, 121 F.3d 1416, 1419-20 (11th Cir. 1997). However, where a plea agreement requires the government to "consider" filing a Rule 35 motion, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. See Forney, 9 F.3d at 1499-1502.

The Supreme Court has held that "federal district courts [also] have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion," or was not "rationally related to any legitimate [g]overnment end." Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to

3

discovery or an evidentiary hearing.  Id. at 186, 112 S.Ct. at 1844.  Thus, judicial review is generally appropriate only when "there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation."  Forney, 9 F.3d at 1502 (emphasis in original).

Upon review of the record and consideration of the briefs of the parties, we find no reversible error.

The record clearly reflects that the district court did not have jurisdiction to entertain Castillo's motion.  He alleged a plea breach and asked the district court to conduct an evidentiary hearing, and if necessary, compel the government to file a Rule 35(b) substantial assistance motion on his behalf, which he claimed was promised to him in his plea agreement.  However, the plea agreement clearly stated that the government was not required to make a substantial assistance motion regarding future cooperation, and Castillo acknowledged this.  Since the government only had to consider filing such a substantial assistance motion, it did not breach the agreement by only filing a motion under § 5K1.1, and the district court had no jurisdiction to review the claim of breach.  Further, absent a threshold showing of plea breach, the only way the district court would have had any power to act on Castillo's claim under Rule 35 was if he alleged and made a substantial

showing of an unconstitutional motive. Though Castillo alleged an unconstitutional motive, he did not make a substantial showing that the government's refusal to file a substantial assistance motion, either before or after sentencing, was based on suspect reasons, such as his race or religion, or that its refusal was not related to a legitimate government end. Furthermore, even assuming that the district court was authorized to compel the government to file a Rule 35(b) motion, it appears that such a motion would be untimely, and therefore, that the district court would be without jurisdiction to consider it. Thus, Castillo cannot show that he was entitled to judicial review of the government's refusal to file a substantial assistance motion. Accordingly, we affirm.

**AFFIRMED.**