[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14642
Non-Argument Calendar

_____

D. C. Docket No. 06-00042-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC ANTHONY ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 1, 2008)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Marc Adams appeals his 41-month sentence for conspiracy to possess with

intent to distribute marijuana, in violation of 21 U.S.C. § 846. Initially, the government argues that Adams knowingly and voluntarily waived his right to appeal his sentence and is therefore precluded from raising sentencing issues. We find the waiver invalid and address the two issues raised in Adams's appeal. First, Adams argues that the district court unreasonably denied the government's motion, pursuant to U.S.S.G. § 3E1.1(b), to allow him a three-level decrease for acceptance of responsibility. Specifically, he argues that the district court improperly considered his criminal history in denying the motion. Second, Adams argues that the district court's denial of the government's motion for a downward departure under U.S.S.G. § 5K1.1 for substantial assistance was "inherently unreasonable" because the district court provided no explanation for its decision.

I.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Weaver*, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). A sentence appeal waiver will only be enforced if the waiver was knowing and voluntary. *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). For a sentence appeal waiver to be knowing and voluntary, the government must show that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record is "manifestly clear" that the defendant otherwise understood the

significance of the appeal waiver. *Weaver*, 275 F.3d at 1333; *Bushert*, 997 F.2d at 1351. The waiver will be unenforceable where the district court's questions are confusing. *Bushert*, 997 F.2d at 1352-53. For example, in *Bushert*, we stated that a sentence appeal waiver was unenforceable when the district court informed the defendant generally that he could appeal his sentence under "some circumstances," but "did not clearly convey . . . that he was giving up his right to appeal under *most* circumstances." *Id.* (emphasis in original). The appropriate remedy in a situation where the record shows that a defendant did not knowingly and voluntarily waive his right to appeal his sentence is to sever the waiver from the remainder of the agreement and to consider on appeal the sentencing issues raised by the defendant that would have been barred by the waiver. *See id.* at 1353-54.

Because the district court did not adequately question Adams regarding the appeal waiver, he did not knowingly and voluntarily waive his appeal rights. *See id.* at 1352-53. Therefore, we will consider those sentencing issues that Adams raises on appeal.

## II.

Because of its proximity to the defendant, a district court's assessment of a defendant's acceptance of responsibility under § 3E1.1 is entitled to great deference. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005) (per

curiam). "Whether a defendant is entitled to a sentencing reduction for acceptance of responsibility is a factual determination that must be affirmed on appeal unless clearly erroneous." *United States v. Hromada*, 49 F.3d 685, 688-89 (11th Cir. 1995).

Under § 3E1.1, a two-level decrease is warranted if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). If this is found, the offense level may be decreased by one additional level, "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b). According to the commentary for § 3E1.1, one of the factors that a district judge should consider when deciding whether a defendant has accepted responsibility is the "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1 cmt. n.1.

If a defendant tests positive for drug use during pretrial release and associates with drug users, the district court may deny the adjustment for acceptance of responsibility. *See United States v. Gonsalves*, 121 F.3d 1416, 1420 (11th Cir. 1997). Because a defendant's continued use of illegal drugs constitutes a continuation of the drug offense for which he was convicted, a district court's

denial of an adjustment for acceptance of responsibility on this ground is not clearly erroneous. *United States v. Matthews*, 168 F.3d 1234, 1250 (11th Cir. 1999). When a district court erroneously considers past criminal history in denying a motion for an acceptance of responsibility reduction, we will not disturb its decision if it also considered other legitimate and sufficient factors and the issue was not presented to the district court. *Gonsalves*, 121 F.3d at 1420-21.

Accordingly, because Adams's continued drug use was sufficient grounds to deny the acceptance of responsibility reduction, and he did not object to the additional consideration of his criminal history at sentencing, we affirm the district court's denial of the reduction. *See id.*

## III.

Generally, we lack jurisdiction to review a district court's refusal to grant the government's § 5K1.1 motion, unless the district court erroneously believed that it lacked the authority to apply a downward departure. *United States v. Harness*, 180 F.3d 1232, 1237 (11th Cir. 1999). We have explained that, "when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999).

Because the record does not indicate that the district court erroneously

5

believed that it was without the authority to grant a reduction under § 5K1.1, we lack jurisdiction to review the district court's denial of a downward departure in Adams's sentence. Accordingly, Adams's sentence is **AFFIRMED.**