[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13540
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00007-CR-J-32-JRK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARVIS MCNEIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 17, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Jarvis McNeil appeals his total 90-month sentence for distribution

of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  On appeal, McNeil argues that the district court plainly erred by failing to find that the government breached the terms of his plea agreement when it delegated to a law enforcement officer its obligation to consider whether the extent of his cooperation warranted the filing of a motion for substantial assistance, pursuant to U.S.S.G. § 5K1.1.  McNeil contends that the law enforcement officer's decision not to recommend the filing of a § 5K1.1 motion was arbitrary and violated his due process rights.  The government had negotiated a plea agreement with McNeil, which provided that the government would consider filing a § 5K1.1 motion on McNeil's behalf.  The agreement included a sentence appeal waiver and a separate waiver of the right to appeal the government's determination as to whether a  § 5K1.1 motion would be filed.  McNeil does not contest the validity of the waivers.

We review *de novo* whether the government breached the terms of the plea agreement.  *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).  However, we review issues not raised before the district court for plain error.  *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005).  We will correct an error under plain error review if there is "(1) an error, (2) that is

2

plain, (3) that affects substantial rights (which usually means that the error was prejudicial), and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mangaroo*, 504 F.3d 1350, 1353 (11th Cir. 2007). We review the district court's factual findings for clear error. *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).

The Supreme Court has held that federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. *Wade v. United States*, 504 U.S. 181, 185-87, 112 S. Ct. 1840, 1843-44, 118 L. Ed. 2d 524 (1992).

A sentence appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Benitez -Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997) (emphasis omitted). An enforceable sentence appeal waiver encompasses the government's refusal to make a § 5K1.1 motion. *See id.* at 1445-47 (dismissing an appeal of the district court's refusal to review the government's decision not to file a § 5K1.1 motion because the defendant waived the right to appeal that issue when he executed a valid

3

sentence appeal waiver as part of his plea agreement).  However, "[t]he district court's determination that the plea agreement has not been breached *is* reviewable." *United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997); *see Copeland*, 381 F.3d at 1104-05 (reviewing, *inter alia*, allegations that the government breached the plea agreement, notwithstanding the sentence appeal waiver contained in the agreement).

As to any potential breach, we have held that "[w]hen guilty pleas rest in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Copeland*, at 1105 (internal quotation marks omitted).  To determine whether the government has breached a plea agreement, "we must first determine the scope of the government's promises." *Id.*  "In determining the meaning of any disputed terms in an agreement, the court must apply an objective standard and must decide whether the government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." *Id.* (internal quotation marks omitted).  When a breach of an agreement by the government has been established, we may either order specific performance of the agreement, by means of re-sentencing before a different judge, or allow withdrawal of the plea. *Santobello v. New York*, 404 U.S. 257, 263, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427

(1971).

We need not decide whether the appeal waiver extends to McNeil's argument regarding an alleged breach of his plea agreement because McNeil's argument lacks merit. McNeil failed to provide evidentiary support for his claim that the district court erred in failing to find that the government breached the terms of its plea agreement by delegating to a law enforcement agent its decision-making authority concerning whether to file a substantial assistance motion on behalf of McNeil. The only evidence McNeil offered was his own testimony against the agent, which the district court rejected on credibility grounds. McNeil has not demonstrated that the district court's factual findings are clearly erroneous. Accordingly, the district court did not plainly err, and we affirm McNeil's sentence.

**AFFIRMED**.