[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12309
Non-Argument Calendar
_____

D.C. Docket No. 9:04-cr-80111-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY BOLDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 22, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Stanley Bolden, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion, brought under 18 U.S.C. § 3582, to reduce his

concurrent 292-month total sentence for one count of conspiracy to distribute crack

cocaine and four counts of possession with intent to distribute at least 5 grams of crack cocaine.  On appeal, Bolden argues that the district court erred in denying his motion for a reduction of sentence and not ordering the government to file a motion for a reduction of sentence for his substantial assistance under Fed. R. Crim. P. 35(b).  After careful review, we affirm.

Generally, we review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).  However, in the § 3582(c)(2) context, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."  Id.

Pursuant to § 3582, a district court may modify a term of imprisonment once it has been imposed, to the extent permitted by Rule 35.  18 U.S.C. § 3582(c)(1)(B).  Rule 35(b) provides that, upon the government's motion made more than one year after sentencing, the district court may reduce a defendant's sentence if the defendant provided information that, until one year or more after sentencing:  (1) was unknown to the defendant; (2) did not become useful to the government; or (3) the defendant could not have reasonably anticipated would be useful to the government.  See Fed. R. Crim. P. 35(b)(2)(A)-(C).

The discretion to determine whether the defendant provided substantial assistance, and whether to make a Rule 35(b) motion, rests solely with the

2

government.  United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008).  If, however, a defendant alleges and makes a threshold showing that the government's refusal to file a motion for a reduced sentence was based on an unconstitutional motive, such as the defendant's race or religion, or breached a plea agreement, an evidentiary hearing and relief may be appropriate.  See Wade v. United States, 504 U.S. 181, 185-86 (1992) (unconstitutional motive); United States v. Gonsalves, 121 F.3d 1416, 1419-20 (11th Cir. 1997) (breach of plea agreement).

A Rule 35(b) movant "is only entitled to an evidentiary hearing when he offers facts which, if proven, would establish the illegality of the sentence or a gross abuse of discretion in failing to reduce the sentence."  United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992).  Generalized allegations do not rise to the level of a threshold showing of an unconstitutional motive and cannot provide the basis for a hearing or a remedy.  Wade, 504 U.S. at 186.  Judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to make the motion based on a constitutionally impermissible motivation.  United States v. Forney, 9 F.3d 1492, 1502-03 (11th Cir. 1993).

In this case, Bolden did not allege that the government's failure to file a Rule 35(b) motion was based upon an unconstitutional motive or a breach of a plea agreement.  As a result, he has not met the threshold requirement for judicial review.  See Wade, 504 U.S. at 185-86.  Although he contends in his initial brief

3

that the government and district court acted in bad faith and were unconstitutionally motivated by racial discrimination against him, he provides no facts to support his assertion.   These generalized allegations do not rise to the level of a threshold showing of an unconstitutional motive and cannot provide the basis for a hearing or a remedy.  See id.

In any event, aside from his own conclusory assertions, he presents no evidence to demonstrate that he substantially assisted the government with his supplier's arrest and prosecution.   Rather, according to the government, the information that led to his supplier's arrest came from a cooperating individual. Bolden acknowledges that he provided the information immediately after his arrest, and the government said in its response to his motion that the supplier pled guilty before Bolden's conviction and sentencing.   As a result, Bolden was unavailable to the government and unable to provide substantial assistance in the supplier's prosecution and conviction.  See Fed. R. Crim. P. 35(b)(2).

**AFFIRMED**.