[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14700
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00048-MW-CAS-9


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WALTER SIMMONS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 20, 2017)


Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

John Walter Simmons, proceeding *pro se*, appeals his total 168-month sentence, imposed below the guideline range, after pleading guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (Count 1); aiding and abetting theft of government funds, in violation of 18 U.S.C. §§ 641, 2 (Count 10); aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 2 (Count 11); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 14). Simmons asserts the district court imposed a procedurally unreasonable sentence by improperly calculating his guideline range.  He contends the district court imposed a substantively unreasonable sentence because his cooperation with the Government warranted a lower sentence.  After review, we affirm.

## I.  PROCEDURAL REASONABLENESS

The reasonableness of a sentence is generally reviewed under a deferential abuse of discretion standard; we first ensure that the district court "committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). "When reviewing for procedural reasonableness, we ensure that the district court: (1) properly calculated the Guidelines range; (2) treated the Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010).  The burden of

2

establishing unreasonableness belongs to the party challenging the sentence.  *See id.*

Under the Sentencing Guidelines, a defendant should be held responsible for the loss "the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense."  U.S.S.G. § 2B1.1, comment. (n.3(A)(iv)).  The loss amount is the "greater of actual loss or intended loss."  *Id.* at (n.3(A)).  A district court "need only make a reasonable estimate of the loss, given the available information."  *United States v. Baldwin*, 774 F.3d 711, 727 (11th Cir. 2014) (quotation omitted).  A district court may use undisputed statements in the PSI or evidence presented at the sentencing hearing to make its factual findings. *Id.*  "A defendant may be held responsible for the reasonably foreseeable acts of his co-conspirators in furtherance of the conspiracy."  *Id.*

The district court did not commit procedural error when calculating Simmons' guideline range.[1]  The only specific guideline enhancement Simmons

---

[1]   Simmons' argument he was incorrectly sentenced as a career offender is meritless as he was not sentenced as a career offender.  Liberally construed, Simmons may be attempting to challenge his base offense level for Count 14, which was placed at 24 pursuant to U.S.S.G. § 2K2.1(a)(2) because he had previously sustained at least 2 felony convictions for a controlled substance offense.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  However, the PSI based Simmons' sentence on his base level for Counts 1 and 10, so the calculations for Count 14 did not affect his guideline range.

Further, the district court did not commit procedural error in calculating Simmons' criminal history category because it ruled in Simmons' favor on his objection at the sentencing hearing and reduced his criminal-history points accordingly.  Additionally, the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is not applicable to Simmons'

3

challenges on appeal is the enhancement base on a loss amount of more than $9,500,000. The district court did not clearly err in finding the full intended loss of the conspiracy was reasonably foreseeable to Simmons. *Baldwin*, 774 F.3d at 727 (providing the district court's determination of the loss amount is a factual finding reviewed for clear error). The undisputed facts in the PSI and the evidence presented at sentencing showed Simmons had recruited other conspirators and directed them via text message to send him personal identifying information (PII) to be used to file fraudulent tax returns or Supplemental Nutrition Assistance Program (SNAP) applications or to deliver to him debit cards with proceeds from the tax fraud. His own statements and the statements of his niece showed he was involved from 2011 through 2014. The evidence also showed Simmons had tens of thousands of dollars to spend as a result of the fraud. This evidence is sufficient to support the district court's findings that Simmons understood the full extent of the conspiracy and the entire intended loss amount was reasonably foreseeable to him. Therefore, there was no clear error in the court's findings, or in the application of a 20-level enhancement to Simmons' guideline range based on the intended loss amount.

---

sentence because he was not designated an armed career criminal or sentenced under the Armed Career Criminal Act.

## II.  SUBSTANTIVE REASONABLENESS

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).   However, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey,* 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Under U.S.S.G. § 5K1.1, the government may ask the district court to enter a downward departure for the defendant's substantial assistance with the investigation and prosecution of crime.  *United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997).  "The district court may not make such a downward

departure without the government's request, but the court's decision whether to enter that departure upon the government's request is generally *not* reviewable [on appeal]." *Id.* However, we may review the district court's determination that failing to file such a motion was not a breach of the defendant's plea agreement. *Id.* District courts may review a prosecutor's decision not to file a U.S.S.G. § 5K1.1 motion and remedy that refusal if the prosecutor's decision was based on an unconstitutional motive, such as race or religion. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). Judicial review in this context is "appropriate only when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quotation omitted).

Insofar as Simmons' argument can be construed as challenging the Government's failure to file a U.S.S.G. § 5K1.1 motion, Simmons failed to make the requisite showing, or even to allege, the Government had an unconstitutional motive or breached the plea agreement. *Gonsalves*, 121 F.3d at 1419; *Wade*, 504 U.S. at 185-86.

Further, Simmons does not demonstrate his sentence was substantively unreasonable in light of the record and the sentencing factors. *See Irey*, 612 F.3d at 1189. The mitigating fact Simmons highlights—his cooperation with the

6

Government—was explicitly considered by the district court at the sentencing hearing. The district court used this fact and others, including sentencing disparities among Simmons and his co-defendants and the potential overstatement of Simmons' criminal history, and concluded the sentencing factors warranted a sentence below the guideline range. However, the district court concluded that because of other sentencing factors, such as the scale of the offense and Simmons' aggravating role in the conspiracy, Simmons still warranted a significant sentence.

The sentencing factors are meant to give the district court discretion to craft sentences based on the individual record in each case, which is what the district court did here. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (providing the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court). That Simmons' sentence was below the guideline range and below the statutory maximum are further indicators of reasonableness. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating although we do not presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable); *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) (explaining a sentence below the statutory maximum is another indicator of reasonableness). The court's conclusions are supported by the record, and the court did not make a clear error of

7

judgment in balancing the sentencing factors.  *See Irey*, 612 F.3d at 1189.

Accordingly, the court did not abuse its discretion and we affirm.

**AFFIRMED.**