[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13767
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20801-WPD-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO SINESTERRA PENALOSA,
a.k.a. Juanca,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 6, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Carlos Penalosa appeals *pro se* the denial of his motion to compel the government to request a sentence reduction based on his substantial assistance. *See* Fed. R. Crim. P. 35(b). He also argues, for the first time on appeal, that the government refused to move for a sentence reduction because he is a citizen of Colombia, Hispanic, and of black descent. We affirm.

We apply two standards of review in this appeal. We review *de novo* whether a defendant can compel the government to file a motion to reduce a sentence based on substantial assistance, *see United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993), and whether the government breached its plea agreement, *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008). We review arguments raised for the first time on appeal for plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). To establish plain error, a defendant must prove that error occurred that is plain and that affects a substantial right. *Id.*

The government enjoys discretion in determining whether a defendant has provided substantial assistance and to move for a sentence reduction on that basis. Fed. R. Crim. P. 35(b)(1); *Wade v. United States*, 504 U.S. 181, 185 (1992). A defendant seeking to compel the government to request a sentence reduction must make a "substantial threshold showing" that the government refuses to act based on an unconstitutional motive. *Wade*, 504 U.S. at 186. The burden also rests with

2

the defendant to establish that the government has breached its plea agreement. *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997).

The district court committed no error in denying Penalosa's motion to compel. The government did not breach its written agreement "to evaluate the nature and extent of [Penalosa's] cooperation" and to make "the sole and unreviewable judgment . . . [whether his] cooperation [was] of such quality and significance . . . as to warrant . . . [recommending] that [his] sentence be reduced" based on his substantial assistance. Penalosa presented no evidence that he provided substantial assistance and, according to the government, Penalosa provided stale information during his debriefing, by which time three of his codefendants already had begun to cooperate. Penalosa argues that the government refused to request a sentence reduction based on racial animus, but his argument is wholly conclusory and speculative. He cannot obtain relief based on his "generalized allegations of improper motive." *See Wade*, 504 U.S. at 186.

We **AFFIRM** Penalosa's sentence.