[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14949
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00194-SDM-UAM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ROSERO BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 1, 2020)

Before MARTIN, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Appellant Pedro Bonilla, *pro se*, appeals the district court's order denying his motion to compel the government to file a sentence-reduction motion under Rule 35(b). Bonilla argues that the government breached the plea agreement when it failed to file a Rule 35(b) motion. The government responds that the plea agreement gave it discretion to file or not to file that motion. After a careful review, we affirm.

Bonilla pleaded guilty to drug trafficking. As part of his plea agreement, the government promised to consider whether Bonilla's post-sentencing "cooperation qualifi[ed] as 'substantial assistance' … warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b)." The written plea agreement made explicit that "the defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination."

At Bonilla's plea hearing, the court reviewed the terms of Bonilla's plea agreement. Bonilla swore that he understood that the government would "decide whether [his] cooperation [was] important enough to be called substantial assistance … [and that] the [g]overnment may file a motion for a substantial assistance reduction on [his] sentence." He further agreed that he understood the "decision

2

about whether [he] provided substantial assistance" would be made by the government, and he could not "challenge that decision."

Years after his plea and sentencing, Bonilla inquired about a Rule 35(b) motion based on information he had given to the government. His attorney spoke to the government's lawyer and explained to Bonilla that the government would not file a Rule 35(b) motion unless it could independently corroborate Bonilla's information and bring a criminal case. Bonilla moved *pro se* to compel the government to file a Rule 35(b) motion based on his substantial assistance. The district court denied Bonilla's motion.

If a defendant cooperates with the government and provides "substantial assistance," the government may choose to file a motion requesting a reduced sentence. *See* Fed. R. Crim. P. 35(b). Because the decision is discretionary, courts generally may not review the government's refusal to file a Rule 35(b) motion unless the defendant makes a substantial showing that the government's refusal was based on unconstitutional motives, *Wade v. United States*, 504 U.S. 181, 185–86 (1992), or that the refusal breached the plea agreement, *see United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997).

Liberally construed, Bonilla asserts that the government breached the plea agreement by not filing a Rule 35(b) motion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent

3

standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). We review *de novo* whether the government breached the plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).

We agree with the district court that the government did not breach the plea agreement. The government agreed to consider filing a motion, but it did not promise to file one. Bonilla stated under oath at his plea hearing that he understood that the plea agreement meant that the government "may" file a Rule 35(b) motion, the government had complete discretion to determine whether he had provided substantial assistance, and the government promised only to *consider* filing a Rule 35(b) motion. That understanding of the plea-agreement language was objectively reasonable. *See id.* at 1105. And his attorney's letter, which he attached to his motion, establishes that the government did consider whether he had provided substantial assistance and decided that he had not. We have previously held that the government does not breach a plea agreement like this one when the government agrees to consider filing a motion, does consider filing a motion, but chooses not to file one. *See United States v. Forney*, 9 F.3d 1492, 1499–1500 n.2 (11th Cir. 1993). Accordingly, we affirm.

**AFFIRMED.**

4