[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14856

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARCUS WATKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:06-cr-00442-TCB-AJB-1

_____

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Watkins appeals his 300-month sentence, imposed after he pled guilty to brandishing a firearm during a crime of violence. He argues that the government breached his plea agreement by failing to file a substantial-assistance motion because he provided substantial assistance and its decision was motivated by vindictiveness and was not rationally related to a legitimate government end.

We review *de novo* whether a district court may compel the government to make a substantial-assistance motion. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). Additionally, we review *de novo* whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).

The district court may not depart from the guidelines, pursuant to U.S.S.G. § 5K1.1, based upon the defendant's substantial assistance to the government, absent a motion by the government requesting departure on this basis. *Wade v. United States*, 504 U.S. 181, 185 (1992). The government has the power, but not a duty, to file a substantial-assistance motion. *United States v. Dorsey*, 554 F.3d 958, 960–61 (11th Cir. 2009). A main purpose of substantial assistance is to benefit the government in its prosecution efforts. *United States v. Orozco*, 160 F.3d 1309, 1316 (11th Cir. 1998).

The government's decision to refuse to file a substantial-assistance motion is subject to judicial review in only two circumstances. First, it is reviewable if the refusal constitutes a breach of the plea agreement. *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997) (discussing motions under § 5K1.1). In *Forney*, we determined that the government had not breached the terms of the plea agreement by not filing a § 5K1.1 motion because the agreement only provided that the government would "consider" whether he provided substantial assistance and that the determination was "solely" that of the government. *See Forney*, 9 F.3d at 1499.

Second, its discretion is subject to review if it is based on an unconstitutional motive, such as race or religion, or is not rationally related to any legitimate government end. *Wade*, 504 U.S. at 185–86. In *Wade*, the Supreme Court held that the government's refusal to move for substantial assistance was rationally related to a legitimate government end because its decision could have been based "on its rational assessment of the cost and benefit that would flow from moving." *See id.* at 186–87. We have held that our review of the government's refusal to file a substantial-assistance motion is limited to claims of unconstitutional motive. *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000); *see also Forney*, 9 F.3d at 1502 n.4 (determining that the Supreme Court held in *Wade* "that judicial review of the government's decision not to file a 5K1.1 motion is appropriate only when unconstitutional motivation has been alleged"). The government's decision not to file a

substantial-assistance motion is not reviewable for arbitrariness or bad faith where the government merely promised to consider filing such a motion. *See Forney*, 9 F.3d at 1502 & 1502 n.5. Consequently, when a defendant merely claims he provided substantial assistance or makes generalized allegations of an improper motive, he is not entitled to a remedy or even to an evidentiary hearing. *Wade*, 504 U.S. at 186; *Dorsey*, 554 F.3d at 961. Thus, judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file the motion because of a constitutionally impermissible motivation. *Dorsey*, 554 F.3d at 961.

We have suggested that a valid appeal waiver might not prevent a defendant from arguing that his equal protection rights were violated because he was sentenced based on an arbitrary classification such as race or religion. *United States v. Bushert*, 997 F.2d 1343, 1350 n.18 (11th Cir. 1993).

Failure to develop an argument for an issue on appeal is considered an abandonment of the issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We generally prefer that a district court analyze facts under legal standards in the first instance. *See Turner v. Burnside*, 541 F.3d 1077, 1086 (11th Cir. 2008).

Watkins has not pointed to a specific provision in the plea agreement that the government breached[1] or otherwise made a

---

[1] The government agreed merely to consider whether Watkins had substantially assisted, and the decision rested solely with the government.

"substantial showing" that the government's refusal to file a substantial-assistance motion on his behalf was based on a constitutionally impermissible motivation or was not rationally related to any legitimate government end.  Watkins does not assert an unconstitutional motive, such as race or religion.  We cannot conclude that the courts below erred in crediting the government's perception that Watkins' assistance did not rise to the level of substantial assistance, and we agree that Watkins' information-selling scheme was inconsistent with his cooperation with the government.[2]

**AFFIRMED.**

---

[2] We also agree that there is no need in this case to consider the issue of whether, or under what circumstances, vindictiveness might rise to the level of a constitutionally impermissible motive.  We agree that Watkins' claim in in this regard is based on mere generalized allegations; his report of government misconduct (the basis of his claim of retaliatory vindictiveness) was wholly unsubstantiated.