**Irma Henry GOMEZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16080.**

United States Court of Appeals
Fifth Circuit.

June 24, 1957.

Hilton R. Carr, Jr., Herbert A. Warren, Jr., Julian M. Quarles, Miami, Fla., for appellant.

J. Edward Worton, O. B. Cline, Jr., Asst. U. S. Attys., Miami, Fla., for appellee.

James L. Guilmartin, U. S. Atty., Lavinia L. Redd, Sp. Asst. to the U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal is from a conviction and sentence of appellant as a joint defendant with Gabriel Gomez, whose appeal we with Gabriel Gomez, whose appeal we have dealt with in a separate opinion filed today, Gomez v. United States, 5 Cir., 245 F.2d 344. In addition to the complaint that the trial court erred in consolidating the two other cases mentioned in the companion case for trial, this appellant claims the court erred in not allowing her to appeal in forma pauperis, and she claims she was deprived of an adequate opportunity to present her appeal because of her inability to have the large record transcribed.

What we have said in the other Gomez case answers appellant's first contention. We find no error in the trial court's consolidation of the three cases for trial.

■■ The right of a defendant in a criminal case to appeal in forma pauperis was extensively dealt with by this Court in Parsell v. United States, 5 Cir., 218 F.2d 232. There is stated what is obvious from the statute. Leave to proceed in forma pauperis under 28 U.S. C.A. § 1915, is a privilege, not a right. An application for leave to proceed in forma pauperis is addressed to the sound discretion of the court, and an order denying such an application is not a final order from which an appeal will lie. Higgins v. Steele, 8 Cir., 195 F.2d 366, 367.

There is nothing in the record or the brief before us to indicate that appellant sought to obtain an order from this Court to permit the appeal in forma pauperis when her request was denied by the trial court. Moreover the records filed in this case and the companion case fully enable the Court to consider the merits of appellant's principal ground of appeal— that is the consolidation of the three cases for trial by the trial court.

■ The trial court, in passing on appellant's motion for leave to file her

appeal in forma pauperis, stated that the indictments in the three cases and the other proceedings which were actually embodied in the record which appellant has now brought up were adequate to permit this Court to pass upon the alleged error in the consolidation of the cases for trial. We have found this to be so. The Court stated that in its opinion the appeal was not taken in good faith as to the remaining grounds, which related to the sufficiency of the evidence and alleged errors with reference to introduction of evidence. These latter matters are clearly of the kind that the trial court is best qualified to consider when deciding on the good faith of an appellant in seeking the right to proceed in forma pauperis. We are unable to say that the trial court abused its discretion in finding that the appeal as to these grounds was not taken in good faith.

No error being shown, the judgment is affirmed.