**Roy L. SMARTT, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 602CV470ORL31JGG.**

United States District Court,
M.D. Florida,
Orlando Division.

March 18, 2003.

Roy L. Smartt, DeLand, FL, pro se.

---

### ORDER

PRESNELL, District Judge.

Upon *de novo* consideration of Plaintiff's objection (Doc. 55) to the Report and Recommendation of Magistrate Judge Glazebrook (Doc. 54), it is

**ORDERED** that Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 51) is hereby **DENIED**.

### REPORT AND RECOMMENDATION

GLAZEBROOK, United States Magistrate Judge.

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

**MOTION: PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [Docket No. 51]**

**FILED:** January 14, 2003

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. *MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS*

After five motions to proceed *in forma pauperis* in the district court and on appeal [Docket Nos. 2, 20, 26, 33, 45]; four orders recommending that *in forma pauperis* status be denied [Docket Nos. 13, 21, 28, 35]; six objections to the reports and recommendations [Docket Nos. 14, 23, 29, 30, 37, 39]; five district court orders denying *in forma pauperis* status [Docket Nos. 15, 24, 31, 38, 44]; four motions to either consider or reconsider those same motions [Docket Nos. 10, 17, 42, 48]; four district court orders denying expedited consideration or reconsideration [Docket Nos. 10, 18, 43, 49]; and five related notices of appeal [Docket Nos. 19, 22, 25, 32, 50]; Smartt has now filed his sixth motion to proceed *in forma pauperis*. *See* Docket Nos. 51, 52.

■ The proper procedure for calling in question the district court's denial of a motion to proceed on appeal *in forma pauperis* is to file a new motion in the court of appeals, and not to appeal the denial order. *See* Advisory Committee Notes (1967) to Fed. R.App. P. 24(a)(5); *accord, Gomez v. United States*, 245 F.2d 346, 347 (5th Cir.1957). On November 25, 2002, this Court notified Smartt that, pursuant to Fed.R.App.P 24(a), he could file a motion for leave to proceed on appeal *in forma pauperis* in the United States Court of Appeals for the Eleventh Circuit within thirty days after November 1, 2002, the service date of the district court's order denying leave to appeal *in forma pauper-*

is.[1] Docket No. 35 (report and recommendation); *see also* Docket No. 53 (jurisdictional questions). Smartt's sixth motion to proceed *in forma pauperis* [Docket Nos. 51, 52] should be **DENIED** because it does not properly lie in the district court.

## II. *RECUSAL*

This Court has considered whether to recuse under 28 U.S.C. § 455(a) on its own motion. Smartt's affidavit accompanying his motion to proceed on appeal *in forma pauperis* states that the issues on appeal include: "Abused By Magistrate and District Court Judges; Open Showing of Bias, Malice and Prejudice by judges in the case." Docket No. 52 at 1, and Docket No. 51 *passim*. By letter dated January 22, 2003, the Clerk of Court transmitted to the Honorable J.L. Edmondson Smartt's complaint of judicial misconduct [Misc. No. 03–0002] under 28 U.S.C. § 372(c) against the undersigned magistrate judge. Smartt alleges that the undersigned "intruded" into his case without his consent and in violation of the law.

By order of February 5, 2003, Chief Judge Edmondson dismissed Smartt's complaint as directly related to the merits of a decision. Chief Judge Edmondson noted that Smartt's fifth motion to proceed *in forma pauperis* remained pending before Judge Glazebrook. By letter dated February 14, 2003, Smart mailed the undersigned a copy of a "Petition for Review" seeking further review of Chief Judge Edmondson's order of dismissal. Although correspondence and documents written by Smartt suggest that Smartt asserts the same complaints against other judges of this Court, the undersigned has made no inquiry as to whether grievance petitions are pending against other judges.

## A. Disqualification Under 28 U.S.C. § 455(a)

 Section 455 (a) of 28 U.S.C. states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of section 455(a) is to avoid even the appearance of partiality. Actual bias is not necessary; the appearance of bias is adequate to trigger recusal under § 455. *See Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

 The standard is whether a judge should disqualify himself because a reasonable person, fully informed of the relevant facts, would question the judge's impartiality. *Parrish v. Board of Commissioners*, 524 F.2d 98, 103 (5th Cir.1975) (holding that § 455(a) involves a "reasonable man test"); *Pepsico, Inc. v. McMillen*, 764 F.2d 458 (7th Cir.1985). If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation, then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case, or because the judge is pure in heart and incorruptible. *Liljeberg, Jr., v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Cases within § 455(a) are extremely fact driven, and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence. *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir.1995). If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of

---

1. On the same day, the United States Court of Appeals for the Eleventh Circuit denied Smartt's previous motion to appeal *in forma pauperis* because his appeal was frivolous. Docket No. 36.

recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir.1993).

Section 455 (a), however, must not be construed so broadly that it becomes presumptive, and recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir.1986). Neither is the statute intended to bestow a veto power over judges, or to permit "judge-shopping." *United States v. Greenspan*, 26 F.3d 1001 (10th Cir.1994); *United States v. Cooley*, 1 F.3d 985 (10th Cir.1993). Disqualification is not warranted merely by a litigant's intemperate and scurrilous attacks. *United States v. Studley*, 783 F.2d 934 (9th Cir.1986); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977).

It has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge. Otherwise, "every man could evade the punishment due to his offense, by first pouring a torrent of abuse upon his judges, and then asserting that they act from passion." *Standing Committee v. Yagman*, 55 F.3d 1430, 1443—44 (9th Cir.1995). *See also United States v. Wolfson*, 558 F.2d 59, 62 (2d Cir.1977) (defendant's unfounded charges of misconduct against judge did not require disqualification because defendant's remarks established only the defendant's feelings towards the judge, and not the reverse).

Further, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. *Greenspan*, 26 F.3d at 1005; *In re American Ready Mix, Inc.*, 14 F.3d at 1501; *Hinman*, 831 F.2d at 939. The United States Court of Appeals for the Tenth Circuit compiled a non-exhaustive list of matters not ordinarily sufficient to require § 455(a) recusal:

(1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) *prior rulings in the proceeding, or another proceeding, solely because they were adverse;* (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) *baseless personal attacks on or suits against the judge by a party;* (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) *threats or other attempts to intimidate the judge.*

*Cooley*, 1 F.3d at 993—94 (emphasis added).

## B. Analysis on Recusal

The undersigned judge has as strong a duty to sit in this case because there is no legitimate reason to recuse. No reasonable person, fully informed of the relevant facts, would question the undersigned judge's impartiality. Section 455(a) is not intended to bestow a veto power over judges, or to permit "judge-shopping." Although Smartt may dislike a judge's prior rulings and prefer a different judge, the law does not permit him to force recusal by making baseless ethical attacks on the assigned judge, or to intimidate the assigned judge through frivolous complaints of judicial misconduct.

## III. *CONCLUSION*

For the above reasons, it is RECOMMENDED that Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*

[Docket No. 51] filed January 14, 2003 be DENIED. It is

**FURTHER RECOMMENDED** that the district court review plaintiff's motion and any objections to this report and recommendation *de novo* in reaching a determination.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636(b)(1)(B) and (e) and Local Rule 6.02, within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.