[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2011
JOHN LEY
CLERK

No. 10-12098
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00271-LC-MD

EUGENE SMITH,
SHAMEKA BROOKS,

Plaintiffs-Appellants,

versus

REGINALD BRUSTER,
Individual Capacity,
ROBERT QUINATA,
GENE SALTER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 25, 2011)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Plaintiffs Eugene Smith and Shameka Brooks appeal <u>pro se</u> the district court's order dismissing their civil rights action filed pursuant to 42 U.S.C. § 1983 and state law. After review, we dismiss in part and affirm in part.[1]

## I.  BACKGROUND FACTS

Smith and his sister Brooks filed this action alleging that the defendants, three law enforcement officers, violated their constitutional rights during the execution of a search warrant and the seizure of some of the plaintiffs' property. After the defendants filed a motion to dismiss, the plaintiffs twice tried to file a response that did not contain signatures for both plaintiffs. Each time, a magistrate judge returned the pleading, advised the plaintiffs of the deficiency under Federal Rule of Civil Procedure 11, and instructed the plaintiffs to file a pleading with each plaintiff's signature. The court accepted for filing the plaintiffs' third response, purportedly signed by both Smith and Brooks.

After reviewing the file, however, the magistrate judge <u>sua sponte</u> issued an order questioning the authenticity of Brooks's signature on several pleadings, including the original and amended complaints, Brooks's motion to proceed <u>in</u>

---

[1]The plaintiffs also challenge the district court's order denying them leave to appeal <u>in forma pauperis</u>. We dismiss the appeal of this non-final order for lack of appellate jurisdiction. <u>See</u> <u>Gomez v. United States</u>, 245 F.2d 346, 347 (5th Cir. 1957). Alternatively, construing this aspect of the plaintiffs' appeal as a request to this Court to proceed <u>in forma pauperis</u>, the request is denied as moot because the filing fee already has been paid.

forma pauperis and the plaintiffs' (third) response to the defendants' motion to dismiss. The magistrate judge directed Brooks to submit a notarized notice to the court stating her intentions in participating in the litigation and explaining why pleadings had been "submitted in her name with what [were] clearly vastly different signatures." The magistrate judge advised the plaintiffs that forgery of court documents was a serious matter, reminded them that Rule 11 required each unrepresented party to sign papers filed with the court and warned that if he found that Smith had forged Brooks's signature without her knowledge, the magistrate judge would recommend sanctions up to dismissal without prejudice.

Brooks submitted a notarized notice declaring that she was "aware of [the] pleadings in question" in the § 1983 case and that "[a]s far as the signature appearing to be different I can recall on several occasions where I had to sign and return documents in this case . . . . As far as I know there has not been any forgery of another individual on my behalf." Brooks signed the notice, but did not swear that the statements were true or made under penalty of perjury.

The magistrate judge issued a report and recommendation (R&R) recommending that the plaintiffs' complaint be dismissed without prejudice. The R&R found that: (1) Brooks's signature on the original complaint, certain documents relating to service and the response to the defendants' motion to

3

dismiss were forgeries; and (2) that Brooks's signature was forged without her knowledge. The magistrate judge declined to hold Smith responsible, however, because Brooks's notice was unsworn. The R&R concluded that civil, but not criminal, sanctions were warranted and recommended dismissing the complaint without prejudice.

Smith and Brooks objected to the R&R, arguing that they had "corrected all deficiencies." They did not, however, dispute that the pleadings in question falsely bore Brooks's signature or argue that a dismissal without prejudice was too severe a sanction.

The district court adopted the R&R and dismissed the plaintiffs' complaint without prejudice "due to plaintiffs' submission of documents bearing falsified signatures to the court." The district court denied the plaintiffs' subsequent motions for reconsideration.

## II.  DISCUSSION

Federal Rule of Civil Procedure 11 requires an unrepresented party to personally sign "[e]very pleading, written motion, and other paper" filed with the court. Fed. R. Civ. P. 11(a). In so doing, the signing party expresses his or her belief that the document is not being presented for an improper purposes. Fed. R. Civ. P. 11(b)(1). Rule 11 sanctions are proper when, among other things, a party

4

files a pleading in bad faith or for an improper purpose. <u>Worldwide Primate, Inc. v. McGreal</u>, 87 F.3d 1252, 1254 (11th Cir. 1996).

In addition, the district court may <u>sua sponte</u> dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. <u>See</u> Fed. R. Civ. P. 41(b); <u>Betty K Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987); <u>see also</u> <u>Betty K Agencies</u>, 432 F.3d at 1337.

Dismissal with prejudice is a sanction of last resort, and only proper if the district court finds "a clear record of . . . willful conduct and that lesser sanctions are inadequate to correct such conduct." <u>Zocaras v. Castro</u>, 465 F.3d 479, 483-84 (11th Cir. 2006) (quotation marks omitted). In contrast, dismissal without prejudice generally does not constitute an abuse of discretion, even for a single, relatively minor procedural violation, because the affected party may re-file his or her action. <u>See, e.g.</u>, <u>Dynes v. Army Air Force Exch. Serv.</u>, 720 F.2d 1495, 1499

(11th Cir. 1983) (concluding district court did not abuse discretion in dismissing complaint without prejudice for failure to file court-ordered brief).[2]

Here, the district court's dismissal without prejudice was not an abuse of discretion. The district court found that Smith had forged Brooks's signature on several documents filed with the court. The plaintiffs do not challenge this factual finding on appeal. Filing forged pleadings with the court constitutes presenting a pleading for an improper purpose and in bad faith, in violation of Rule 11(b).

Moreover, Brooks and Smith did not offer any explanation for the forged signatures or try to submit substitute documents containing Brooks's true signature. Before taking action, the district court advised the plaintiffs that it suspected Brooks's signature on several filings was not authentic and provided Brooks with an opportunity to explain the discrepancy. Brooks, in an unsworn response, did not deny the questioned signatures were false. Instead, she merely indicated she was generally aware of the civil action, attested to signing some unspecified documents and stated that, as far as she knew, no one had forged her signature. Under the circumstances, it was within the district court's discretion to

---

[2]We review for an abuse of discretion a district court's order dismissing an action whether under its inherent authority or pursuant to Rule 11 or 41(b). Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (Rule 11); Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (Rule 41(b)); Dynes, 720 F.2d 1499 (inherent authority).

dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority.

**DISMISSED IN PART, AFFIRMED IN PART.**