[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15335
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00269-TCB-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MEKAEL DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 21, 2016)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Mekael Daniels appeals pro se the district court's denial of his motion to compel the government to file a Federal Rule of Criminal Procedure 35(b) motion for reduction of sentence based on substantial assistance.

Daniels pleaded guilty to one count of possession with intent to distribute 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  Pursuant to a written plea agreement, he agreed to cooperate with the government.  In return the government agreed to inform the district court of his cooperation.  The plea agreement provided that if Daniels completed his cooperation before sentencing and the government determined that it amounted to "substantial assistance," then it would recommend a downward departure at the sentence hearing.  If Daniels completed his cooperation after sentencing and the government determined that it amounted to "substantial assistance," then the government would file a Rule 35(b) motion for reduction of sentence.  The plea agreement stated that in "either case, [Daniels] understands that the determination as to whether [he] has provided 'substantial assistance' rests solely with the Government."

The government determined that the cooperation Daniels provided before his sentencing amounted to "substantial assistance," and accordingly filed a motion under United States Sentencing Guidelines § 5K1.1 recommending a downward departure at his sentence hearing.  During the hearing the government informed Daniels that it deemed his cooperation to be complete.  It told him that if he wished

2

to provide further information in the future in the hope of prompting the government to file a Rule 35(b) motion, then he should contact the United States Attorney's Office to see if it was willing to consider his cooperation.  The government made that point clear because of his "disconcerting" pattern of "get[ting] out of prison, commit[ting] another crime, [cooperating], get[ting] a reduction, get[ting] out of prison," and committing another crime.  The district court granted the government's motion.  The court entered judgment in August 2012, and Daniels did not appeal.

Almost three years later, Daniels filed pro se in federal district court a motion titled "Defendant's Motion to Compel Specific Performance and . . . Compel the Government to File a Rule 35(b) Motion for a Sentence Reduction."  He contended that the government violated the plea agreement by not filing a Rule 35(b) motion after he provided more cooperation post-sentencing.  He asked the district court to order the government to file a Rule 35(b) motion for reduction of sentence based on that alleged cooperation.  The court denied his motion and Daniels appealed.

We review de novo whether the district court can compel the government to file a substantial assistance motion.  United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993).  The government has "a power, not a duty, to file a motion when a defendant has substantially assisted."  Wade v. United States, 504 U.S. 181, 185,

112 S. Ct. 1840, 1843 (1992); United States v. McNeese, 547 F.3d 1307, 1308–09 (11th Cir. 2008).  A defendant has no right to relief "unless he makes a substantial threshold showing" that the government's refusal to file a substantial assistance motion was based on the breach of a plea agreement or an unconstitutional motive (such as the defendant's race or religion).  Wade, 504 U.S. at 185–86, 112 S. Ct. at 1843–44 (quotation marks omitted); Forney, 9 F.3d at 1499–1502 & 1499 n.2; see also United States v. Gonsalves, 121 F.3d 1416, 1419 (11th Cir. 1997).

The government upheld its end of the plea agreement by filing a § 5K1.1 motion based on its determination that Daniels' pre-sentencing cooperation amounted to substantial assistance.  Although Daniels' later cooperation may have allowed the government to file a Rule 35(b) motion, its failure to do so did not breach the plea agreement.  The government had the sole power to determine whether Daniels' cooperation qualified as "substantial assistance."  See Forney, 9 F.3d at 1499 n.2 ("Because the plea agreement left sole discretion to the government to determine substantial assistance, the government's decision not to file a [substantial assistance] motion was unavailable for judicial review . . . absent an allegation of constitutionally impermissible motive.") (quotation marks omitted).  Daniels alleged no facts indicating that the government acted with an unconstitutional motive when it refused to file a Rule 35(b) motion.  Because he failed to make any showing (let alone a substantial one) that the government

4

breached the plea agreement or acted with an unconstitutional motive, the district court properly denied his motion.[1]

**AFFIRMED.**

---

[1] Daniels also appeals the denial of his motion for leave to appeal in forma pauperis. "An application for leave to proceed in forma pauperis is addressed to the sound discretion of the [district] court . . . ." Gomez v. United States, 245 F.2d 346, 347 (5th Cir. 1957). Because Daniels never filed a separate motion in this Court to permit an appeal in forma pauperis, we do not reach this claim. See id.