[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13985
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-00242-CAP


WILEY CURRY,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 27, 2016)

Before HULL, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Wiley Curry, proceeding pro se and in forma pauperis ("IFP"), appeals from the district court's order dismissing with prejudice his complaint, brought under the Rehabilitation Act, 29 U.S.C. § 791, and certain EEOC regulations, 29 C.F.R. § 1614.101, et seq. Curry sued the United States Department of Health and Human Services (the "DHHS") after he interviewed for, but did not receive, a job with the Center for Disease Control (the "CDC"). On appeal, Curry argues the district court erred in failing to grant his request for appointment of counsel. Curry also argues that that the district court erred in dismissing his amended complaint with prejudice, and finally, that the district court erred in denying his motion to appeal to this Court IFP.

We address each point in turn.

## I.    MOTION TO APPOINT COUNSEL

We review a district court's decision whether to appoint counsel for an abuse of discretion. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Specifically,

> A civil litigant, . . . has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.

Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted).

2

We have indicated that, at least at the district court level, when determining whether "exceptional circumstances" exist the relevant factors include: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), which set forth those factors for the same "exceptional circumstances" standard used by the Fifth Circuit and this Circuit). Moreover, court-appointed counsel is unnecessary where the essential facts and legal doctrines are ascertainable without assistance. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam).

Here, the district court did not abuse its discretion in denying Curry's motion to appoint counsel. See Dean, 951 F.2d at 1216. Specifically, the factors applied in Fowler do not weigh in favor of appointment of counsel. See Fowler, 889 F.2d at 1096. The case does not present complex or novel issues, and there is no evidence that Curry is incapable of presenting the case, as he (1) apparently viewed himself as qualified for the paralegal specialist position he applied for, (2) timely replied to the court's order to file an amended complaint, (3) timely filed a notice of appeal and motion to proceed IFP in this Court, and (4) has generally litigated

the case fully up to this point.  See id.  Further, Curry is not incarcerated and thus appears capable of fully investigating the case.  See id.  Finally, the fourth factor does tend to weigh in Curry's favor, as the case could potentially turn on competing testimony between the CDC employees who interviewed, but did not hire Curry, and Curry himself.  But the factors as a whole do not weigh in favor of Curry's argument, and the district court did not abuse its discretion in denying Curry's motion to appoint counsel.   Accordingly, we affirm in this respect.

## II.    DISMISSAL WITH PREJUDICE

A district court may dismiss an action for failure to comply with the rules of the court under Federal Rule 41(b) or pursuant to its own inherent authority.  In either case, we review such a district court order for abuse of discretion.  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006); Veazey v. Young's Yacht Sale & Serv., Inc., 644 F.2d 475, 477 (5th Cir. 1981).[1]  Although we give liberal construction to the pleadings of pro se litigants, we have nevertheless required them to conform to procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).  "[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned."  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

---

[1]This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

Northern District of Georgia Local Rule 41.3(A)(2) provides that a district court may dismiss a civil action for want of prosecution if a plaintiff fails or refuses to obey a lawful order of the court. N.D. Ga. Local R. 41.3(A)(2). A court may also dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978). The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam). Unless the court specifies otherwise, an involuntary dismissal under Rule 41, other than a dismissal for lack of jurisdiction, improper venue, or lack of an indispensable party, is with prejudice. Fed. R. Civ. P. 41(b).

However, dismissal with prejudice is only proper when "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Zocaras, 465 F.3d at 483 (quotation marks omitted). The district court must consider the possibility of alternative, lesser sanctions but need not do so explicitly. Id. at 484. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Because Curry does not challenge on appeal the absence of an express finding by the district court that he acted willfully and that lesser sanctions would not suffice, any issue in that respect is abandoned. See Timson, 518 F.3d at 874. In any event, although the district court did not explicitly find a clear record of delay or willfulness, or that lesser sanctions were inadequate, such findings can be made implicitly, and the record here supports such a finding. See Zocaras, 465 F.3d at 484.

Curry does not argue that he did not willfully disregard the court's order to amend his complaint; rather, he maintains that his complaint was proper from the beginning, and that the court's instructions on how to amend his complaint were ambiguous. We agree, however, with the district court that the instructions Curry failed to follow were not so complex or legal that a pro se litigant would be unable to follow them. Further, in seeking reconsideration of the court's order, Curry sought not another opportunity to comply, but a chance to "explain [his] reasoning behind the structure of [his] amendment to the [the] complaint . . . ." This implicitly supports a finding that Curry willfully ignored the court's instructions.

With respect to the efficacy of lesser sanctions, Curry's amended complaint disregarded the district court's instructions in multiple ways. It again incorporated allegations by reference and included Count Two, which the district court instructed Curry to exclude. Further, Curry sought reconsideration of the denial of

6

appointment of counsel twice and reconsideration of the dismissal of his amended complaint once, and in the latter motion, sought an opportunity to "explain [his] reasoning" to the court.  Generally, dismissal for disregard of a court order, after forewarning the litigant, which is what happened here, is not an abuse of discretion.  Moon, 863 F.2d at 837.  The record supports the district court's implicit determination that lesser sanctions would not suffice, and Curry has provided us no compelling reason to conclude that the district court abused its discretion.  Accordingly, we affirm in this respect.

### III.    APPLICATION TO PROCEED IFP ON APPEAL

A notice of appeal must, among other things, "designate the judgment, order, or part thereof being appealed."  Fed. R. App. P. 3(c)(1)(B).  Ordinarily, the failure to abide by the requirement of Rule 3(C)(1)(B) will preclude the appellate court from reviewing any judgment or order not so specified.  McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986).  Moreover, a district court order denying leave to proceed on appeal IFP is not a final appealable order. See Fed. R. App. P. 24(a)(5); Gomez v. United States, 245 F.2d 346, 347 (5th Cir. 1957) (indicating that the correct procedure is to renew the motion in the appellate court).  Because Curry did not designate in his notice of appeal the district court's order denying him leave to proceed IFP on appeal, and because the denial order is not an

appealable final order, this Court does not have jurisdiction to consider Curry's challenge to the district court's IFP ruling.

Additionally, "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Zinni v. ER Sols., Inc., 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted).  Even if we had jurisdiction to review the district court's IFP ruling, any issue from that ruling is now moot because we granted Curry leave to proceed IFP on appeal.

**AFFIRMED.**