[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13468
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02875-SDM-AEP

RASHIDA STROBER,

                                        Plaintiff-Appellant,

versus

PAYLESS RENTAL CAR,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 25, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Rashida Strober, proceeding *pro se*, appeals the district court's grant of Payless Rental Car's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and its dismissal of her second amended complaint with prejudice.  Strober's complaint alleged racial discrimination under Title II of the Civil Rights Act of 1964.  Strober asserts the district court denied her Fourteenth Amendment due process rights by holding her to the standard of a licensed attorney and by denying her leave to appeal *in forma pauperis*.  She also contends the district court denied her Seventh Amendment right to a jury trial by dismissing her complaint for failure to state a claim under Rule 12(b)(6).  After review,[1] we affirm the district court.

Strober does not mention Title II at all in her appellate brief, so even though she is proceeding *pro se*, she has abandoned the issue on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (providing if a party, even a *pro se* litigant, fails to raise an issue on appeal, she has abandoned that issue).  Even if she had properly argued the issue, however, it would not support granting her relief.

---

[1]   We review *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6).  *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011).  Although the complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render the claim "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed."  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation omitted).  However, "once a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Strober failed to state a claim under Title II because Payless is not a public

accommodation as defined by the statute;[2] she did not allege facts sufficient to

support her allegation of racial discrimination; she did not exhaust her state

administrative remedies;[3] she asked for money damages when only injunctive

relief was available; and she did not state a basis for injunctive relief.[4]

---

[2] Title II of the Civil Rights Act of 1964 prohibits discrimination on the grounds of race, color, religion, or national origin in places of public accommodation.  42 U.S.C. § 2000a(a). Under Title II, a place of public accommodation is:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

*Id*. § 2000a(b).

[3] To bring a viable claim under Title II, a plaintiff must first exhaust state or local administrative remedies, if such remedies are available.  *See* 42 U.S.C. § 2000a-3(c) (stating that, if a state or local law prohibits the alleged discriminatory act and a state or local agency has authority to grant relief from the discriminatory act, no civil action can be brought until 30 days after the appropriate authority has been given written notice of the discriminatory act).  The Florida Civil Rights Act prohibits an individual from being denied access to places of public accommodation based on race, and the Florida Commission on Human Relations is charged with investigating complaints made pursuant to the Florida Civil Rights Act.  Fla. Stat. §§ 760.03, 760.06, 760.08, 760.11.

[4] A Title II plaintiff may obtain an injunction as a remedy, but not money damages.  *See Jackson v. Motel 6 Multipurpose, Inc*., 130 F.3d 999, 1007 (11th Cir. 1997).  To state a claim for injunctive relief, "a plaintiff must show . . . a likelihood of substantial and immediate irreparable injury."  *Id*. (quotations omitted).

Strober also provides no evidence in support of her "conflict of interest" argument; does not explain which "guidance rules" she was forced to follow or how they were unlawful; and does not explain how the district court denied her equal protection. She has abandoned these arguments, as she failed to elaborate on them beyond a mere mention. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (failing to elaborate on an argument beyond merely mentioning it as an error abandons that argument).

Similarly, Strober has waived her arguments the Rule 12(b)(6) dismissal violated her Seventh and Fourteenth Amendment rights because she did not make those arguments with specificity to the district court and no exception to the general rule applies. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004) (quotation omitted) (explaining arguments raised for the first time on appeal are not considered unless: (1) the issue raised for the first time on appeal is a pure question of law and "refusal to consider it would result in a miscarriage of justice;" (2) the appellant "raises an objection to an order" that she had "no opportunity to raise" in the district court; (3) "the interest of substantial justice is at stake;" (4) the issue was "not passed on below" and "the proper resolution is beyond any doubt;" and (5) the issue "presents significant questions of general impact or of great public concern"). Again, even if Strober had made the arguments to the district court, they would be unpersuasive on appeal because

4

the district court properly dismissed her second amended complaint with prejudice for failure to state a claim.  *See, e.g.*, *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1190 (11th Cir. 2004) (holding that a grant of summary judgment did not violate the Seventh Amendment).

Finally, to the extent Strober appeals the district court's denial of leave for her to appeal *in forma pauperis*, it was not a final order from which an appeal will lie, and we dismiss the issue for lack of jurisdiction.  *See Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957) (stating an application for leave to proceed *in forma pauperis* on appeal, "is not a final order from which an appeal will lie").

**AFFIRMED.**