[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11676

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PRISCILLA ANN ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00320-SDM-MRM-3

_____

Before ROSENBAUM, JILL PRYOR and BRASHER, Circuit Judges.

PER CURIAM:

Appellant Priscilla Ellis appeals from the district court's January 23, 2023 order denying her motion for compassionate release and a magistrate judge's May 2, 2023 report and recommendation that the district court deny Ellis's motion to proceed on appeal *in forma pauperis* ("IFP"). First, to the extent that Ellis challenges the January 23, 2023 order, this appeal is DISMISSED, *sua sponte*, as duplicative of Ellis's pending appeal from the January 23, 2023 order, docketed in Appeal No. 23-10437. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (noting that it is well established that federal courts avoid duplicative litigation as a general principle in order to conserve judicial resources); *see also United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978) (holding that an appellant "is not entitled to two appeals").

Second, to the extent that Ellis challenges the magistrate judge's May 2, 2023 report and recommendation, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The district court had not adopted or otherwise rendered the report and recommendation final by the time Ellis filed the instant notice of appeal and we cannot hear appeals directly from such orders. *See Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982); *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (explaining that we lack jurisdiction to hear appeals directly from federal

magistrate judges).    Moreover, the district court's subsequent adoption of the report and recommendation does not serve to cure this premature notice of appeal.  *See Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986); *Perez-Priego v. Alachua Cnty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998).  Regardless, even if the district court had adopted the report and recommendation before Ellis filed the instant notice of appeal, an order denying a motion to proceed IFP on appeal is not a final or otherwise appealable order.  *See* 28 U.S.C. § 1291; *Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957) (stating that an order denying a motion to appeal *in forma pauperis* is not a final, appealable order).  The proper procedure for review of such an order is to renew the motion before this Court, which Ellis has done in Appeal No. 23-10437.  *See* Fed. R. App. P. 24(a)(5) & advisory committee notes (1967).  Accordingly, we lack jurisdiction to review the report and recommendation.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.