[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-11405

Non-Argument Calendar

————————————

DEMERICK LEE KILLION,

Plaintiff-Appellant,

*versus*

AMAZON ATL 6,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-00232-SDG

————————————

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Demerick Killion, *pro se*, filed a notice of appeal that, liberally construed, seeks review of the district court's March 20, 2024, order and judgment dismissing the action. The 30-day statutory time limit required Killion to file a notice of appeal on or before April 19, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). However, Killion did not file his notice of appeal until April 24, 2025.

Further, Killion is not entitled to relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). First, he did not file a timely motion to extend the appeal period. *See* Fed. R. App. P. 4(a)(5)(A). Second, he did not timely file anything that could be construed as a motion to reopen the appeal period. *See id.* R. 4(a)(6) (requiring motions to reopen the appeal period to be filed with 14 days of receipt of notice or 180 days of entry, whichever is earlier, of the challenged order).

Finally, to any extent that Killion seeks to challenge the district court's order denying him leave to proceed *in forma pauperis* on appeal, that is not a final and appealable order. *See* Fed. R. App. P. 24(a)(5) & advisory committee notes (1967) (describing that the rule "establishes a subsequent motion in the court of appeals, rather than an appeal . . . as the proper procedure for calling in

25-11405                Opinion of the Court                        3

question the correctness of the action of the district court"); *Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957).