**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12643

Non-Argument Calendar

————————————

SHAUN PATRICK STEWART,

*Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,
  Individual and Official Capacity,
DAVID J. FORSYTHE,
E. PELTA,
NFETC DOCTOR,
S. SAUNDERS,
  Individual and Official Capacities as Doctors, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00494-CEM-PRL

————————————

2                    Opinion of the Court                    25-12643

Before ROSENBAUM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Shaun Stewart, proceeding pro se, filed a notice of appeal deemed filed, under the prison mailbox rule, on April 15, 2025. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that a pro se prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing, but if that date is unknown and there is not contrary evidence, the notice is deemed filed on the day that he signed it).

A jurisdictional question ("JQ") asked the parties to address which order(s) Stewart sought to appeal and, to the extent Stewart sought to appeal the magistrate judge's orders, whether we have jurisdiction to review them. Stewart, the only party who has appeared in this action, did not file a response but did file a merits brief.

Upon review of the record and Stewart's merits brief, we conclude that Stewart sought to appeal all the orders entered in the district court, except the April 15 order denying his motion for appointment of counsel.

As to the October 21, 2024 final order dismissing the action and the December 18, 2024 order denying reconsideration, Stewart has already appealed from those orders and that appeal is pending in appeal number 25-10981. We thus decline to review those orders here. *See United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978) (explaining that an appellant "is not entitled to two appeals" from the same judgment); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*,

793 F.2d 1541, 1551-52 (11th Cir. 1986) (explaining that federal courts may use their inherent administrative power to dismiss duplicative litigation and avoid wasting judicial resources).

We lack jurisdiction over the March 31, 2025 order denying Stewart leave to proceed IFP on appeal. *See Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957) (indicating that a district court's order denying leave to proceed IFP on appeal is not a final, appealable order). After such a denial in the district court, the proper procedure is to file a motion in this Court seeking leave to proceed IFP, which Stewart did. *See id.*; Fed. R. App. P. 24(a).

We also lack jurisdiction over the October 23, 2024 and February 4, 2025 orders, which denied as moot Stewart's motions for leave to proceed IFP in the district court, because Stewart did not timely appeal those orders. Stewart had until November 22, 2024 to appeal the October 23 order, and until March 6, 2025 to appeal the February 4 order. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). His notice of appeal, filed on April 15, 2025, is thus untimely as to those orders and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Accordingly, this appeal is DISMISSED as duplicative and for lack of jurisdiction. All pending motions are DENIED as moot.