**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12640
Non-Argument Calendar
_____

SHAUN PATRICK STEWART,

*Plaintiff-Appellant,*

*versus*

GOVERNOR, STATE OF FLORIDA,
   Official Capacity,
SARASOTA COUNTY SHERIFF,
   Sheriff - Individual and Official Capacity,
SARASOTA COUNTY JAIL WARDEN,
   Warden - Individual and Official Capacity,
SARASOTA COUNTY,
   Individual and Official Capacity,
JOHN DOE,
   deputy 12CF1635 - North Port Police Department -
   Individual and Official Capacity, et al.,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00491-WWB-PRL

———————————

Before LAGOA, ABUDU, and KIDD, Circuit Judges.

PER CURIAM:

Shaun Stewart, proceeding pro se, filed a notice of appeal deemed filed, under the prison mailbox rule, on April 15, 2025. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that a pro se prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing).

A jurisdictional question ("JQ") asked the parties to address whether Stewart's notice of appeal was timely and, to the extent Stewart sought to appeal the magistrate judge's orders, whether we have jurisdiction to review them. The appellees did not appear in this action or file a response to the JQ.

Upon review of the record and Stewart's response to the JQ, we conclude that Stewart's notice of appeal evinces an intent to appeal the February 28, 2025 judgment dismissing the action and the district judge's April 4, 2025 post-judgment order denying him leave to proceed in forma pauperis ("IFP") on appeal. We further conclude that we cannot review those rulings.

As to the judgment, Stewart has already appealed from it and that appeal is pending in appeal number 25-10980. We thus decline to review it here. *See United States v. Arlt*, 567 F.2d 1295,

1297 (5th Cir. 1978) (explaining that an appellant "is not entitled to two appeals" from the same judgment); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (explaining that federal courts may use their inherent administrative power to dismiss duplicative litigation and avoid wasting judicial resources).

Stewart's notice of appeal is timely as to the April 4, 2025 order denying him leave to proceed IFP on appeal. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, we lack jurisdiction to review that order. *See Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957) (indicating that a district court's order denying leave to proceed IFP on appeal is not a final, appealable order). After such a denial in the district court, the proper procedure is to file a motion in this Court seeking leave to proceed IFP, which Stewart did. *See id.*; Fed. R. App. P. 24(a).

Accordingly, this appeal is DISMISSED as duplicative, in part, and for lack of jurisdiction, in part. All pending motions are DENIED as moot.